IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHAWN M. TITUS, | ) | 8:19CV158 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| STATE OF NEBRASKA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Shawn M Titus ("Titus"), an inmate at the Nebraska State Penitentiary, in Lincoln, Nebraska, filed his Complaint (Filing 1) on April 15, 2019. Plaintiff was granted leave to proceed in forma pauperis on April 29, 2019 (Filing 10), and he paid the required initial partial filing fee on May 10, 2019. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Titus requests that the court "set[ ] aside the conviction what was handed down by the Honorable Judge George Thompson in Sarpy county district court on November 5, 2018" (Filing 1, p. 10). The court takes judicial notice of the Judgment and Sentence that was entered by Judge Thompson on November 5, 2018, in the District Court of Sarpy County, Nebraska, in *State v. Shawn M. Titus*, Doc. CR 18 Page 32 (available on the JUSTICE public database at www.nebraska.gov),[1] which reflects that Titus was convicted of attempted first-degree sexual assault pursuant to a plea of guilty, and that he was sentenced to a term of imprisonment of not less than 15 years nor more than 20 years. The court also notes that Titus filed a notice of appeal from the conviction and sentence on November 19, 2018.

---

[1] Federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (federal courts may take judicial notice of judicial opinions and public records).

Titus claims that his rights under the Fourteenth Amendment were violated for three reasons. First, Titus claims that the applicable sentencing statute, which provides for a maximum sentence of 20 years imprisonment for a Class IIA felony, *see* Neb. Rev. Stat. § 28-105, is ambiguous and provides the sentencing judge with too much discretion; Titus also alleges that Judge Thompson abused that discretion in this case. Second, Titus claims that his plea was not entered knowingly and voluntarily. Third, and finally, Titus claims that the first degree sexual assault statute, which requires proof that the defendant "knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct," Neb. Rev. Stat. § 28-319,[2] is ambiguous, gives prosecutors too much discretion, and is subject to arbitrary enforcement.

Named as Defendants are the Director of the Nebraska Department of Corrections and the Speaker of the Nebraska Legislature.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[2] Titus erroneously cites Neb. Rev. Stat. § 28-201(4)(b), which is the criminal attempt statute.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIM

Liberally construing Titus's Complaint, this is a civil rights action brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Neither Defendant is alleged to have taken any action to violate Titus's rights. But even if a proper defendant had been named, it is apparent that the Complaint fails to state a claim upon which relief may be granted.

The United States Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "He must seek federal habeas corpus relief (or appropriate state relief) instead.[3] *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). This line of cases establishes that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original). A § 1983 action cannot be maintained until "the conviction or sentence has been reversed on direct appeal, expunged by

---

[3] In fact, Titus has filed a petition for writ of habeas corpus in this court. *See* Case No. 8:19CV54, filed on February 1, 2019.

executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Because Titus's conviction and sentence have not been set aside or otherwise held invalid, no cognizable claim is stated under § 1983, and this action must be dismissed for failure to state a claim upon which relief may be granted. *See Robinson v. Lancaster Cty. Court*, No. 8:18CV111, 2019 WL 1208812, at *3 (D. Neb. Mar. 14, 2019). This dismissal will count as one "strike" for purposes of 28 U.S.C. § 1915(g).[4]

## IV. CONCLUSION

Titus's Complaint fails to state a claim upon which relief may be granted. The court will not grant Titus leave to amend because amendment would be futile. Any § 1983 action challenging the validity of his conviction and sentence is *Heck*-barred.

IT IS THEREFORE ORDERED that this case is dismissed without prejudice for failure to state a claim upon which relief may be granted. Judgment shall be entered by separate document.

DATED this 4th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[4] The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot "bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).